IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRISSY L. AKINS and MARK A. AKINS, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Case No. 4:12-cv-41 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., and | § | |
| KB HOME MORTGAGE COMPANY, | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pending before the court is Defendant Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment (Dkt. 18). The deadline for Plaintiffs' to respond was October 25, 2012. As of the date of this Order, Plaintiffs have not filed any response to Defendant's motion. Having considered the motion and the uncontroverted evidence put forth by Defendant, the motion (Dkt. 18) is hereby **GRANTED**.

### I. JURISDICTION AND VENUE

Jurisdiction is proper in this court under 28 U.S.C. §§ 1332(a)(1) and 1367. Venue is proper under 28 U.S.C. § 1391(b)(2).

### II. BACKGROUND

Plaintiffs purchased the property at 2152 Royal Acres Trail, Little Elm, Texas, on June 17, 2003. Plaintiffs executed a Note and Deed of Trust on the property in the amount of $164,698, designating KB Home Mortgage Company as the Lender and Mortgage Electronic Registration System (MERS) as the beneficiary. KB assigned the note to Washington Mutual Bank, who then assigned the Note to Wells Fargo on December 3, 2006.

Plaintiffs fell behind on their mortgage payments in 2010. Wells Fargo approved Plaintiffs for a loan modification on May 19, 2010, and approved them for a second modification on June 7, 2010, but Plaintiffs refused the terms of both offers. On July 4, 2010, Wells Fargo notified Plaintiffs that they were in default and that Wells Fargo intended to accelerate the debt. Plaintiffs made no further payments on the loan.

MERS assigned its interest to Wells Fargo on November 23, 2010. Wells Fargo foreclosed on the property through a substitute trustee and then purchased the property at the foreclosure sale on January 4, 2011. Plaintiffs filed this action to prevent eviction and to rescind the foreclosure sale.

### III. LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Substantive law determines which facts are material.[2] A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[4] Therefore, in deciding whether to grant a motion for summary judgment, the court must consider whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[5] The court must construe all facts and inferences in the light most favorable to the nonmoving party.[6] When "the nonmovant bears the burden of proof, the movant may discharge

---

[1] FED. R. CIV. P. 56(a).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Id.*
[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[5] *Anderson*, 477 U.S. at 250.
[6] *See Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000).

its burden by showing that there is an absence of evidence to support the nonmovant's case."[7] Summary judgment is appropriate when the evidentiary material of record, when reduced to admissible evidence, would be insufficient to permit the nonmoving party to carry its burden of proof.[8] The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and "may not rely upon the mere allegations or denials of his pleading."[9] "Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden."[10]

Federal Rule of Civil Procedure 56(e) further clarifies that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion; [and] (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed—show that the movant is entitled to it."[11] Indeed, Eastern District Local Rule CV-56(c) explains that

> [i]n resolving [a] motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts *are controverted in the response filed in opposition to the motion*, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to determine whether the record contains an undesignated issue of material fact for trial before entering summary judgment.[12]

---

[7] *Payne v. Sw. Bell Tel., L.P.*, 562 F. Supp. 2d 780, 783 (E.D. Tex. 2005).
[8] *See Celotex*, 477 U.S. at 327.
[9] *Id.* at 322 n.3; *see also* FED. R. CIV. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.").
[10] *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (internal quotation marks omitted).
[11] FED. R. CIV. P. 56(e).
[12] EASTERN DIST. TEX. R. CV-56(c) (emphasis added).

## IV. ANALYSIS

### a. Plaintiffs' Lack of Standing

Defendant first alleges that Plaintiffs lack standing to challenge the assignment of the Deed and the Note because they were not parties to the assignment. Mortgagors in Texas have standing to challenge assignments of their mortgages in certain circumstances.[13] "A debtor may, generally, assert against an assignee all equities or defenses existing against the assignor prior to notice of the assignment . . . but if the assignment is effective to pass title, debtor cannot interpose defects or objections which merely render the assignment voidable at the election of the assignor or those standing in his or her shoes."[14]

Plaintiffs have not asserted, nor have they put forth any evidence to support, any claims against the assignors, KB Home Mortgage Company and MERS, that occurred prior to the assignment at issue in this case. Additionally, Plaintiffs do not assert any claims that the terms of the Deed of Trust or the Note were violated by any of the Defendants. Plaintiffs instead base their allegations on the premise that although "Defendant Wells had represented to Plaintiffs well in advance of December 27, 2010 that it had purchased the Loan and was the mortgagee, then there is no valid assignment of record to Wells making it the mortgagee."[15]

Defendant has provided the court with a copy of the "Assignment of Deed of Trust."[16] Presumably, Plaintiffs argue that the assignment is invalid because it was not recorded until December 27, 2010. However, an assignment does not have to be recorded to be valid.[17]

---

[13] *See e.g., Miller v. Homecomings Fin.*, 881 F. Supp. 2d 825, 831-32 (S.D. Tex. 2012).
[14] *Id.* at 831.
[15] Compl. ¶ 4.
[16] Dkt. 18-5.
[17] *Green v. JPMorgan Chase Bank, N.A.*, Civil Action No. 3:11-cv-1498-N, 2013 WL 1406012, at * 4 (N.D. Tex. Apr. 8, 2013) ("The recordation of an assignment puts third parties on notice of the assignment, but the recordation itself does not affect the validity of the transfer of interest."); TEX. PROP CODE § 13.001(b).

Because Plaintiffs have not made any allegations that would void the assignment, the court agrees with Defendants that Plaintiffs lack standing to challenge the assignment from MERS to Wells Fargo. Nonetheless, Plaintiffs' claims also fail on the merits.

### b. Texas Civil Practice & Remedies Code § 12.002

Plaintiffs allege that the assignments of the Note and Deed of Trust were executed by a person lacking authority from KB Mortgage or MERS and thus there was a transfer of the lien without authority, which makes the recorded assignment fraudulent and in violation of Section 12.002 of the Texas Civil Practice and Remedies Code.

Chapter 12 of the Texas Civil Practice and Remedies Code establishes a private cause of action against a person who makes, presents, or uses a document with knowledge that it is fraudulent, with the intent that the document be given legal effect, and with the intent to cause injury.[18] "Courts interpreting Section 12.002(a) have held that, in order to state a claim, the plaintiff must allege the challenged instrument purported to *create* a lien or claim against real property."[19] "A plaintiff fails to state a plausible claim for relief where . . .the challenged instrument merely purports to transfer an existing deed of trust from one entity to another."[20]

In this case, the assignment at issue did not create a lien or claim against real property as contemplated by the statute. The assignment from MERS to Wells Fargo only purported to transfer an existing interest from one party to another. Defendants' motion for summary judgment on Plaintiffs' claim under section 12.002 of the Texas Civil Practice and Remedies Code is therefore **GRANTED**.

---

[18] TEX. CIV. PRAC. REM. CODE § 12.002.
[19] *Perdomo v. Fed. Nat. Mortgage Ass'n*, 3:11-CV-734-M, 2013 WL 1123629, at *5 (N.D. Tex. Mar. 18, 2013) (citing *Marsh v. JPMorgan Chase Bank, N.A.,* 888 F.Supp.2d 805, 2012 WL 3756276, at *7 (W.D.Tex. Aug.29, 2012)).
[20] *Id.* (internal quotation marks omitted).

### c. Texas Debt Collection Act; Texas Finance Code § 392.301(a)(8)

Plaintiffs next allege that Defendant Wells Fargo violated the TDCA by failing to give notice of its intent to accelerate the debt and of the substitute trustee's sale in accordance with section 51.002 of the Texas Property Code. Plaintiffs also allege that Defendant Wells Fargo misrepresented the status of the debt when it claimed to be a "bona fide party in interest" in the state court action related to this case.

Section 392.301(a)(8) of the Texas Finance Code prohibits a debt collector from threatening to take an action prohibited by law. The TDCA prohibits debt collectors,[21] in debt collection,[22] from making fraudulent, deceptive, or misleading representations concerning "the character, extent, or amount of a consumer debt."[23] The TDCA applies to foreclosure actions because "foreclosure actions inevitably involve a debt collection aspect."[24] Still, Section 392.301(b)(2)-(3) specifically authorizes debt collectors to threaten "to institute civil lawsuits or other judicial proceedings to collect a consumer debt," and the Deed of Trust specifically authorizes acceleration and foreclosure in the event Plaintiffs fail to make monthly payments.[25]

Plaintiffs have put forth no evidence to support their allegations under the Texas Finance Code. Further, the uncontroverted evidence put forth by Defendant shows that Defendant Wells

---

[21] A debt collector is "a person who directly or indirectly engages in debt collection." TEX. FIN. CODE ANN. § 392.001(6).
[22] Debt collection is "an action conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due to a creditor." TEX. FIN. CODE ANN. §392.001(5). A "consumer debt" is "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." TEX. FIN. CODE ANN. § 392.001(2).
[23] TEX. FIN. CODE ANN. § 392.301(a)(8).
[24] *See Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 730-732 (N.D. Tex. 2011).
[25] Dkt. 18-3 at ¶ 6; Dkt. 18-4 at ¶ 9; Dkt. 18-4 at ¶ 18 ("Foreclosure Procedure").

Fargo notified Plaintiffs of its intent to accelerate via certified mail on July 4, 2010.[26] The Substitute Trustee, Barret Daffin Frappier Turner & Engel, LLP (BDFTE), notified Plaintiffs of the foreclosure sale on December 3, 2010 via certified mail.[27] The evidence also shows that Wells Fargo had acquired an interest in the Note and Deed of Trust at the time the foreclosure action was initiated and therefore was a party in interest to the state court action.[28] Defendants' motion for summary judgment on Plaintiffs' TDCA claim is therefore **GRANTED**.

### d. Texas Deceptive Trade Practices Act – Texas Finance Code § 392.404

Plaintiffs seek treble damages under the Texas Deceptive Trade Practices Act by tying in their TDCA claim. Because Plaintiffs' TDCA claim fails, Defendants motion for summary judgment on Plaintiffs' DTPA claim is **GRANTED.**

### e. Wrongful Foreclosure

Plaintiffs next assert that Defendant's non-judicial foreclosure was wrongful "by virtue of non-compliance with applicable Texas statutory provisions; by virtue of Defendants' violations of TDCA and DTPA, and at common law."[29] Plaintiffs also allege that Defendants lacked the legal standing to "threaten, pursue, conduct and/or bid in at a trustee's sale."[30] To state a claim for wrongful foreclosure under Texas law, a plaintiff must show: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."[31]

---

[26] Dkt. 18-7; *see also* Dkt. 18-8 ("Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt.").
[27] Dkt. 18-8.
[28] Dkt. 18-5.
[29] Compl. ¶ 13.
[30] Compl. ¶ 13.
[31] *Zoluaga v. BAC Home Loans Servicing, L.P.*, No. 4:11-cv-369, 2011 WL 5600377, at *7 (E.D. Tex. Nov. 16, 2011) (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)).

As explained above, Plaintiffs have not put forth any evidence that supports their allegations of a defect in the foreclosure process. Because Plaintiffs' wrongful foreclosure claim is based on Plaintiffs' claims which have already been dismissed, this claim must also fail. Defendants' motion for summary judgment on Plaintiffs' wrongful foreclosure claim is **GRANTED**.

### f. Wrongful Eviction

"Texas cases recognizing a claim for wrongful eviction generally involve an eviction of a tenant by a landlord."[32] Plaintiffs argue in their complaint that Defendant Wells Fargo "lacks standing" to evict them. In support of their allegations, Plaintiffs assert that the Substitute Trustee's Deed "is ineffectual because it does not include sufficient verification(s) upon personal knowledge as required by Texas Property Code § 51.002(e), and it was not executed in the form and manner necessary to make it a valid conveyance."[33] Section 51.002(e) of the Texas Property Code provides that

> [s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.

The Substitute Trustee's notification of the sale complies with this requirement.[34] There is no requirement in section 51.002 of the Texas Property Code that requires any verification of personal knowledge by a substitute trustee. Further, the *Rooker-Feldman* doctrine bars this court from reviewing the orders of the Justice of the Peace and County Court at Law Number Two in

---

[32] *See Ezennia v. Wells Fargo Bank, N.A.*, Civil Action No. H-10-5004, 2012 WL 1556170, at *8 (S.D. Tex. Apr. 27, 2012).
[33] Compl. ¶ 18.
[34] Dkt. 18-8.

Denton County, Texas that Plaintiffs attempt to set aside in this case.[35] Therefore, no genuine issue of material fact as to this claim exists, and Defendants' motion for summary judgment on Plaintiffs' wrongful foreclosure claim is **GRANTED**.

### g. Damages & Injunctive Relief

Because Plaintiffs have failed to put forth any evidence to create a genuine issue of material fact on any of their substantive claims, Defendants' motion for summary judgment with respect to Plaintiffs requests for damages and injunctive relief is **GRANTED**.

### h. Attorneys' Fees

Defendants moved for summary judgment on their counterclaim for attorneys' fees. The court has reviewed the Affidavit of Richard Illmer and finds that the amount requested, $12,000, is reasonable. Plaintiffs failed to respond to the counterclaim or to the motion for summary judgment. Therefore, Defendants' motion for summary judgment on their counterclaim is **GRANTED**.

## V. Conclusion

Plaintiffs lack standing to challenge the assignments of the Note and Deed of Trust from Defendant KB Home Mortgage Company and MERS to Defendant Wells Fargo. Further, Plaintiffs have failed to put forth any evidence to create a genuine issue of material fact on their substantive claims. Therefore, Defendants' motion for summary judgment (Dkt. 18) is **GRANTED**, and Plaintiffs' complaint is **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

**SIGNED this the 3rd day of September, 2013.**

*(signature: Richard A. Schell)*

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[35] Compl. ¶ 16.